**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRIUMPH FURNITURE PROCESSING-EXPORT JOINT STOCK, a Vietnam Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EVEREST FURNITURE COMPANY, a California Corporation,<br><br>Defendant. | No. 1:13-cv-1648-AWI-GSA<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSSED FOR FAILURE TO PROSECUTE** |

This civil action was initially filed in the United States District Court in the Northern District of California ("Northern District") on April 17, 2013. (Doc. 1). The complaint alleges three causes of action: 1) breach of contract, 2) promissory fraud, and 3) constructive fraud. Defendant, Everest Furniture Company, did not appear after being served with the complaint. Default was entered on June 28, 2013. (Doc. 7). On September 24, 2013, District Court Judge Susan Illston issued an Order to Show Cause Why the Case Should Not be Transferred to the United States Court in the Eastern District of California. (Doc. 12). Plaintiff's counsel did not file a response and the case was transferred to this Court on October 11, 2013. (Docs. 13 and 14).

1

After the transfer, new civil case documents were issued and an initial scheduling conference as scheduled for January 16, 2014 at 9:00. Counsel was ordered to attend the scheduling conference and to file a scheduling report one week prior to the hearing. (Doc. 15, pg. 3). No scheduling report was filed. On January 10, 2014, the Court converted the scheduling conference into a status conference.

On January 16, 2014, despite the Court's order, Plaintiff's counsel did not appear at the status conference, nor has Plaintiff's counsel contacted the Court regarding this matter. Accordingly, the Court orders Plaintiff's counsel to show cause why this case should not be dismissed for Plaintiff's repeated failure to comply with this Court's orders and for a failure to prosecute this case.

Federal Rule of Civil Procedure 16(f) allows for dismissal of a case for failure to appear at a scheduling conference. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). In addition, Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). In the exercise of that power, the Court may dismiss an action for a party's failure to obey court orders and to prosecute the case. *Id*; *also see Malone*, 833 F.2d at130 (affirming district court's dismissal of action for a party's failure to comply with court orders); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (the district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution).

The Court is required to weigh several factors in determining whether to dismiss an action for lack of prosecution or failure to obey court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1424; *Malone*, 833 F.2d at 132-133. Furthermore, a dismissal for lack of prosecution must be supported by a showing of unreasonable delay, which creates a presumption of injury to the defense and prejudices the Court's need to manage its docket. *Id.*

**ORDER**

Plaintiff's counsel, Jeffrey Benice, is ORDERED to show cause why the action should not be dismissed for a failure to prosecute. Plaintiff's counsel shall personally appear at a hearing on **February 14, 2014** at 10:00 a.m. in Department 10 of this Court to respond to this Order to Show Cause. Plaintiff's counsel is cautioned that a failure to appear at the hearing as ordered will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **January 17, 2014**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE